1  Marissa Rosenberg-Carlson (SBN 358512)
   marissa.rosenberg-carlson@missionaction.org
2  Mission Action
   938 Valencia Street
3  San Francisco, CA 94110
   Telephone: (415) 857-7754
4

5  Brandon Vesely (SBN 332687)
   brandon.vesely@missionaction.org
6  Mission Action
   938 Valencia Street
7  San Francisco, CA 94110
   Telephone: (415) 857-7765
8

9  *Attorneys for Petitioner*

10

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                      **SAN FRANCISCO DIVISION**

14

15  LISBETH MORELYS IBANEZ DAZA,          ) No. 3:25-cv-10214-RFL
                                          )
16           Petitioner,                  ) **JOINT CASE MANAGEMENT STATEMENT**
                                          ) **AND** ~~PROPOSED~~ **ORDER AS MODIFIED**
17                                         )
        v.                                )
18                                         )
                                          )
19  SERGIO ALBARRAN, *et al.*,            )
                                          )
20           Respondents.                 )

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER SCHEDULE
3:25-cv-10214-RFL
                              1

1

2      Pursuant to the Court's Order, Dkt. No. 22, the parties hereby respectfully submit this case

3  management statement for the petition for writ of habeas corpus.

4      1.    Jurisdiction and Service.  This is a petition for writ of habeas corpus pursuant to 28

5  U.S.C. § 2241.  There are no issues regarding jurisdiction, venue, or service.

6      2.    Facts.  Petitioner is a native and citizen of Colombia who entered the United States at or

7  near Boulevard, California on or around November 2, 2024. She was immediately encountered by

8  immigration officials and transferred to a processing center in San Diego. There, immigration officials

9  found her to be inadmissible and ordered expedited removal for her. A few days before the scheduled

10 removal, Petitioner claimed a fear of persecution if returned to Colombia. Immigration officials then

11 conducted a Credible Fear Interview ("CFI") and determined that Petitioner's fear was credible. They

12 subsequently released her on humanitarian parole. The Interim Notice Authorizing Parole issued to

13 Petitioner stated that it was "valid for one year beginning from the date on this notice," which was

14 November 25, 2024; that parole would "automatically terminate . . . at the end of the one-year period";

15 and that parole was "conditioned on [Petitioner] complying with the terms and conditions of [her]

16 release." *See* Dkt. No. 16-1 at 8. Those conditions included a requirement that Petitioner attend periodic

17 check-in meetings with United States Immigration and Customs Enforcement ("ICE"). On November

18 25, 2025, exactly one year into her parole, Petitioner attended one of those check-in meetings and was

19 detained. She submitted a petition for writ of habeas corpus that same day. Dkt. No. 1. She was released

20 on November 26, 2025, following this Court's order on Petitioner's motion for temporary restraining

21 order. Dkt. No. 8. On January 12, 2026, this Court granted Petitioner's motion for preliminary injunction

22 and ordered the parties to submit a joint case management statement for the petition for writ of habeas

23 corpus by February 2, 2026. Dkt. Nos. 21, 22. Petitioner's next immigration court hearing is scheduled

24 for March 17, 2027, at the San Francisco Immigration Court.

25      3.    Legal Issues.

26           a.   Whether Petitioner's re-detention without a pre-deprivation bond hearing violates

27                Due Process Clause of the Fifth Amendment.

28

CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER SCHEDULE
3:25-cv-10214-RFL

b.  Whether Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii),
(iii)(IV), or (b)(2)(A).

i.  Petitioner's position: The Court can grant relief on the due process claim
without reaching the statutory question. In the alternative, should the court
elect to decide on statutory grounds, Petitioner is not subject to any of the
aforementioned categories of mandatory detention.

4.  <u>Motions</u>.  Petitioner filed a motion for temporary restraining order, which was resolved by the Court's order granting a preliminary injunction, Dkt. No. 21.  The parties do not anticipate filing further motions at this time.

5.  <u>Amendment of Pleadings</u>.  Petitioner does not anticipate amending her petition.

6.  <u>Evidence Preservation</u>.  The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law and have met and conferred regarding the same. *See* Fed. R. Civ. P. 26(f).

7.  <u>Disclosures</u>.  The parties do not anticipate the need for discovery in this action and respectfully request that the Court excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

8.  <u>Discovery</u>.  The parties do not anticipate the need for discovery in this action.

9.  <u>Class Actions</u>.  This is not a class action.

10.  <u>Related Cases</u>.  This case is not related to any others.

11.  <u>Relief</u>.  Petitioner seeks an injunction preventing ICE from arresting and detaining her unless the government establishes at a custody hearing before a neutral arbiter, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Respondents request that the Court deny Petitioner's requested relief, dismiss the habeas petition, and enter judgment in their favor.

12.  <u>Settlement and ADR</u>.  The parties do not believe that the issues presented in this petition are amenable to resolution through settlement.

13.  <u>Other References</u>.  The parties agree that this case is not suitable for reference to binding

1    arbitration, a special master, or reference to the Judicial Panel on Multidistrict Litigation.

2        14.    Narrowing of Issues.  The parties do not believe that any of the legal issues presented in
3    this petition are currently amenable to narrowing through stipulation.

4        15.    Expedited Schedule.  The parties agree that this case is not suitable to be handled under
5    the Expedited Trial Procedures of General Order No. 64.

6        16.    Scheduling.  Respondents will file their Return on or before April 3, 2026. Petitioner will
7    file her Traverse on or before May 3, 2026. The parties agree to waive a hearing and submit this matter
8    for a decision based on the written submissions.

9        17.    Trial.  The parties anticipate that this petition will be ripe for decision on the basis of the
10   return and traverse and that trial will not be necessary in this matter.

11       18.    Disclosure of Non-Party Interested Entities or Persons.  Neither party is aware of an
12   interested non-party to this case.

13       19.    Professional Conduct.  The attorneys of record for the parties have reviewed the
14   Guidelines for Professional Conduct for the Northern District of California.

15       20.    Other Matters.  The parties are not presently aware of other matters that should be
16   brought to the attention to the Court.

17

18   DATED:  February 2, 2026                    */s/ Marissa Rosenberg-Carlson*_____
19                                              MARISSA ROSENBERG-CARLSON
                                                MISSION ACTION
20

21                                              */s/ Brandon Vesely*_____
                                                BRANDON VESELY
22                                              MISSION ACTION

23

24                                              Attorneys for Petitioner

25   DATED:  February 2, 2026                    Respectfully submitted,

26

27                                              CRAIG H. MISSAKIAN
                                                United States Attorney

28

CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER SCHEDULE
3:25-cv-10214-RFL
                                            4

1    /s/ Michael Starrett
     MICHAEL STARRETT
2    Special Assistant United States
     Attorney
3
4    Attorneys for Respondents

5    *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury
     that all signatories have concurred in the filing of this document.
6

7                            [PROPOSED] ORDER AS MODIFIED

8            Pursuant to the parties' agreement in the joint case management statement, it is hereby ordered

9    that this matter will be decided based on the written submissions. Respondent is ordered to file their

10   Return on or before April 3, 2026, and Petitioner's traverse, if any, must be filed on or before May 4,

     2026.
11
12           IT IS SO ORDERED.

13

14
     DATED: January 26, 2026
15
                                                    _____
16                                                  THE HON. RITA F. LIN
                                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28