UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISBETH MORELYS IBANEZ DAZA, <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Respondents. | Case No.  25-cv-10214-RFL <br><br> **ORDER GRANTING PETITION FOR** ***HABEAS CORPUS* AND ENTERING PERMANENT INJUNCTION** <br><br> Re: Dkt. No. 1 |

The Court previously entered a temporary restraining order and preliminary injunction through which it directed Respondents to release Petitioner from custody and enjoined Respondents from re-detaining Petitioner absent notice and a hearing or a material change in circumstances.  (*See* Dkt. Nos. 8, 21 (the "PI Order").)  The underlying petition for writ of *habeas corpus* is now fully briefed, and for the reasons set forth below, it is **GRANTED**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

A.    **Analysis**

The PI Order found that "Petitioner is not subject to mandatory detention, and there are at least serious questions going to the merits of her due process claims in the absence of mandatory detention."  (PI Order at 3.)[1]  Respondents now argue, as they did before, that Petitioner is subject to mandatory detention, thereby defeating her due process claims.  The PI Order already rejected almost all of Respondents' arguments, and Respondents' subsequently filed briefing

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

does not address any of the PI Order's analysis.[2]

First, Respondents argue that Petitioner is subject to mandatory detention under the expedited removal provisions of 8 U.S.C. Section 1225(b)(1).  But because "immigration officials paroled Petitioner into the United States, [] the expedited removal process, including its mandatory detention, no longer applies to her."  (*See id.* at 3-4.)  That such parole "does not constitute an admission under the statute" or "a determination that ICE no longer intends to fast-track removal" (*see* Dkt. No. 28 at 16-17) does not alter this conclusion.  (*See* PI Order at 4.)  Neither does the "returned to the custody" language of 8 U.S.C. Section 1182(d)(5)(A).  (*See* PI Order at 5.)  Nor does the following passage in a 2004 notice from the Department of Homeland Security:

> [T]he Department of Homeland Security, through its component bureaus, may place in expedited removal proceedings any or all members of the following class of aliens:  Aliens who are inadmissible under sections 212(a)(6)(C) or (7) of the Act, who are physically present in the U.S. *without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry*, who are encountered by an immigration officer within 100 air miles of any U.S. international land border, and who have not established to the satisfaction of an immigration officer that they have been physically present in the U.S. continuously for the 14-day period immediately prior to the date of encounter.  Each alien subject to this notice bears the affirmative burden to show to the satisfaction of an immigration officer that the alien has been present in the U.S. continuously for the relevant 14-day period.

Designating Aliens For Expedited Removal, 69 Fed. Reg. 48877, 48880 (Aug. 11, 2004) (emphasis added).  As reflected by the emphasized language, the notice actually supports the determination that individuals who have been paroled, like Petitioner, are not subject to expedited removal.

Second, Respondents argue that mandatory detention under Section 1225(b)(2) applies if Section 1225(b)(1) does not.  That provision imposes mandatory detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an

---

[2] The PI Order set forth the undisputed facts, and in connection with their subsequently filed briefing, the parties did not dispute that recitation of facts or submit additional evidence.

alien seeking admission is not clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). The provision does not apply here because Petitioner was not "seeking admission" at the time of her detention. (*See* PI Order at 6.) The Board of Immigration Appeal's decision in *In re Hurtado*, 29 I & N Dec. 216 (BIA 2025), does not compel a different conclusion. (*See* PI Order at 6-7.) Neither do contrary decisions from the Fifth and Eighth Circuits post-dating issuance of the PI Order. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). There is a circuit split on the issue, with the Second, Sixth, Seventh, and Eleventh Circuits coming out the other way, and the Ninth Circuit has yet to weigh in. *See Hernandez Serrano v. Albarran*, No. 26-cv-03452-EKL, 2026 WL 1611876, at *2 n.4 (N.D. Cal. June 4, 2026). Having reviewed these decisions, the Court remains persuaded of its prior conclusion that Plaintiff was not "seeking admission" at the time of her detention.

Third, Respondents argue that Petitioner is subject to mandatory detention in connection with the Credible Fear Interview ("CFI") process. But the government already conducted a CFI and determined that Petitioner's fear was credible before paroling her. Respondents do not "explain why they may now conduct a second CFI . . . . Moreover, CFIs are conducted as part of the expedited removal process, and as explained above, Petitioner is no longer subject to expedited removal." (PI Order at 4.)

Fourth, Respondents argue that the Court erred in analyzing Petitioner's procedural due process claim under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), because, in their view, *Mathews* does not apply to noncitizens subject to mandatory detention. "As discussed above, however, Petitioner is not subject to mandatory detention, so this argument fails." (PI Order at 7.)

Accordingly, none of Respondents arguments convincingly rebut the analysis of the PI Order. Moreover, the PI Order held that there were at least serious questions going to the merits of both Petitioner's procedural *and* substantive due process claims. Respondents offer no argument concerning Petitioner's substantive due process claim, other than their general

3

argument that mandatory detention defeats her claims.

**B.    Scope of Relief**

Respondents argue that any injunctive relief issued cannot prohibit them from re-detaining Petitioner subject to a valid order of removal.  (*See* Dkt. No. 28 at 18-19 (citing 8 U.S.C. § 1231(a)(2)(A)).)  The relief issued in this Order does not prohibit Respondents from doing so, so long as the re-detention is otherwise lawful.

**C.    Conclusion**

For the foregoing reasons, the petition for writ of *habeas corpus* is **GRANTED**.  The previously entered preliminary injunction is **DISSOLVED**, and the following permanent injunction is **ENTERED**:  Respondents are **PERMANENTLY ENJOINED** and **RESTRAINED** from re-detaining Petitioner:  (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that she poses a flight risk or danger to public safety such that she must be detained; or (2) in the absence of a material change in circumstances justifying her detention.

Petitioner also seeks an award of attorneys' fees and costs.  (*See* Dkt. No. 1 at 14.)  By **August 3, 2026**, the parties shall meet and confer on the issue and submit a stipulation for the Court's approval.  If the parties cannot reach a stipulation, then Petitioner shall file a motion by that same date.

**IT IS SO ORDERED.**

Dated: July 2, 2026

RITA F. LIN
United States District Judge

4